# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jul 17, 2023
**Server Name:** Jimmy Lizama

| Entity Served | TESLA MOTORS, INC. |
|---|---|
| Case Number | 23CV038164 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



DANIEL T. LEBEL, SBN 246169
**CONSUMER LAW PRACTICE
OF DANIEL T. LEBEL**
PO Box 31820
San Francisco, CA 94131
danlebel@consumerlawpractice.com
Tel: (415) 513-1414

*Attorney for Plaintiff*
VADIM YAROVOY

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/11/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Oliver _____ Deputy

## SUPERIOR COURT OF CALIFORNIA

## ALAMEDA COUNTY

| | |
|---|---|
| Vadim Yarovoy;<br><br>    Plaintiff,<br><br>vs.<br><br>Tesla Motors Inc. and DOES 1-20;<br><br>    Defendants. | Case No.: 23CV038164<br><br>**COMPLAINT** |

1. Plaintiff VADIM YAROVOY ("Plaintiff") currently resides, and at all times relevant herein has been domiciled in California.

2. Plaintiff is informed and believes, and thereupon alleges, that Tesla Motors Inc. (hereafter "MANUFACTURER" and "DEALERSHIP" together "Tesla") is and, at all times relevant herein, a corporation with significant contacts to the State of California with service centers, retail locations, and a manufacturing plant within Alameda County.

3. On or about June 28, 2014, Dealership sold a 2014 Tesla Model S VIN: 5YJSA1S16EFP43563 (the "Vehicle") to Plaintiff for a deposit of $2,500 and financing of $78,266.00 for a total sale price of $80,766.00.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 20, inclusive, under California Code of Civil Procedure §474.

5. Plaintiff is informed and believes, and on that basis alleges, that Does 1 through 20, inclusive, are in some manner responsible for acts, occurrences, and transactions set forth herein and are legally liable to Plaintiff. If ascertained Plaintiff will then seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants with the appropriate claims and allegations.

6. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each Defendant, whether actually or fictitiously named (hereafter collectively "Defendants") was the principal, agent, or employee of each other Defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

7. At all times relevant herein, Defendants ratified the unlawful conduct of the other Defendants, their agents, and employees, by failing to repudiate the misconduct and by accepting the benefits of the transaction with knowledge of the illegal acts.

8. Plaintiff further alleges that Defendants fully controlled the actions and directed the enterprise of the other Defendants at all times with respect to the purchase, transfer, possession, repossession, documentation of title, repair, warranty, marketing, and sale of the vehicle which is the subject of this action.

**ACTS OF DEFENDANTS**

9. MANUFACTURER manufactured the Vehicle which at the time of Plaintiff's purchase, was covered under a Tesla Certified Warranty for a period of 4 years or 50,000 miles (80,000 km), whichever comes first and a warranty on the HV Battery system of 8 years or 150,000 miles, whichever comes first, with minimum 70% retention of Battery capacity over the warranty period.

10. Tesla had become, or reasonably should have become, aware of

nonconformities with the Vehicle that substantially affected its use, value, and safety. Specifically, and among other things, MANUFACTURER was or reasonably should have been aware that the Vehicle was likely to experience serious issues with its high voltage battery ("HV battery").

11. Within one year of purchase, Plaintiff began noticing problems and serious nonconformities with the Vehicle under warranty. Contrary to the Tesla's representations and warranties, Plaintiff's local licensed Tesla dealership identified: the HV battery's coolant heater system failed; there were significant issues with the steering system; water ingress; the communications system based on outdated 3G telematics failed and needed to be upgraded.

12. As of the time of filing, Defendants have had approximately a dozen opportunities to successfully diagnose and repair the problems which Plaintiff experienced

13. These defects or non-conformities have placed Plaintiff, his family as passengers, and the public in hazardous situations. Including losing power intermittently while driving on the freeway and being stranded while driving in the mountains on a family vacation. Additional defects may exist in the Vehicle and such defects will be discovered upon further detailed inspection of the Vehicle, or through investigation and discovery.

14. Had Plaintiff known the Vehicle was defective at the time of sale, Plaintiff would not have purchased the Vehicle or the "Supercharger" access rights he purchased for $2,500 over and above the sales price of the Vehicle. Plaintiff further would not have been required to replace the battery out of pocket via third party service center in the amount of $11,260.00. Further Plaintiff would not have incurred further damages in payment of towing charges due to the Vehicle's failure to conform to the applicable warranties.

15. Tesla has failed to replace the vehicle or otherwise made restitution to Plaintiff pursuant to its obligations under California and federal law.

16. Plaintiff is informed and believes that Defendants' refusal to replace the Vehicle or make restitution to Plaintiff was willful and not the result of a good faith and

reasonable belief that the facts imposing said statutory obligations were absent.

17. Defendants have repeatedly failed to repair the Vehicle in a timely manner, fix the defects, or to offer Plaintiff a buyback.

## FIRST CAUSE OF ACTION

### *Willful Violation of the Song-Beverly Consumer Warranty Act*

### *(Cal, Civil Code §1790 et seq.)*

18. Plaintiff realleges and incorporates by reference herein each and every allegation set forth in the above paragraphs.

19. The Vehicle is a "consumer good" as defined in Civil Code §1791(a).

20. Defendant MANUFACTURER is a "Manufacturer" as defined in California Civil Code §1791.

21. Defendant Dealership is a "retail seller," "seller," or "retailer" and "service and repair" facility as defined in California Civil Code §§ 1791 and 1793.2.

22. MANUFACTURER issued "express warranties" to Plaintiff in which, among other things, MANUFACTURER took responsibility to preserve or maintain the performance and usefulness of the subject Vehicle. These warranties were a material factor in Plaintiff's decision to purchase the Vehicle.

23. Defendants failed to disclose the nature of the nonconformities (i.e., "defects") with the Vehicle at the time of sale to Plaintiff. On information and belief, Defendants were aware of the nonconformities at the time of sale but failed to clearly and conspicuously disclose such nonconformities to Plaintiff.

24. Furthermore, the non-conformities were not repaired within a reasonable time, and some, or all of them, were not repaired after a reasonable number of attempts and currently exist today. Defendants were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts and yet failed to promptly replace the Vehicle or promptly make restitution to Plaintiff.

25. Plaintiff is informed and believes, and on that basis alleges, that at the time

the Defendants, and each of them, sold the Vehicle to Plaintiff they knew, or should have known, that the Vehicle was required by law to be replaced or be accepted for restitution due to the inability of Defendant and its service and repair facilities in this state to conform the Vehicle to applicable warranties.

26. As a direct and proximate result of Defendant's violation of their obligations under the Song-Beverly Consumer Warranty Act, Plaintiff has suffered actual, consequential, and incidental damages, including, but not limited to, money expended on the purchase of the Vehicle, finance charges incurred on a loan obtained to purchase the Vehicle, damages associated with the inconvenience suffered as a result of the failure of the Vehicle to operate properly, loss of use of the Vehicle, other incidental and consequential damages including rental car fees, attorneys' fees, and costs. The precise amount of these damages is unknown at the present time but will be shown according to proof at trial.

27. Defendant's acts and omissions alleged herein were not in good faith, but rather willful, unreasonable, and in contravention of Cal. Civil Code §1793.2 (e)(5) and §1795.8. Such misconduct justifies the award of a civil penalty in an amount equal to two times the amount of actual damages pursuant to Cal Civil Code §1794(c).

## SECOND CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act

(Cal. Civ. Code 1750 *et seq.*)

28. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

29. Defendants' omissions and representations regarding the Vehicle and the transaction with Plaintiff unlawfully, unfairly, and unconscionably deceived Plaintiff into paying for a vehicle which is other than represented and which Plaintiff would not have purchased had they known the truth. Defendant's practices as alleged herein violate the California Legal Remedies Act in that Defendants:

    i. "misrepresent[ed] the source, sponsorship, approval or certification of goods or services" (§ 1770(a)(2))

ii. "represent[ed] that goods . . . have . . . sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;" (§ 1770(a)(5))

iii. "represent[ed] that goods or services are of a particular standard, quality, or grade. . . if they are of another;" (§ 1770(a)(7));

iv. "advertis[ed] goods or services with intent not to sell them as advertised." (§ 1770(a)(9)); and

v. "represent[ed] that the subject of a transaction has been supplied in accordance with a previous representation when it has not." (§ 1770(a)(14));

30. As a direct result of Defendants' unfair and deceptive business practices, Plaintiff continues to suffer economic harm.

31. Pursuant to California Civil Code §1780, Plaintiff is entitled to restitution or refund of the purchase price of the Product and to recover reasonable attorneys' fees and costs. Plaintiff seeks restitution and injunctive relief pursuant to California Civil Code §1780. The Consumers Legal Remedies Act, Civil Code §1750 et seq., is designed to protect consumers against unfair and deceptive business practices. It applies to Defendant's conduct because it covers transactions that are intended to result or that result in the sale or lease of goods and services to consumers.

32. Plaintiff has provided notice to Defendants of their conduct constituting violations of the Consumers Legal Remedies Act concurrently with the filing of this action and has demanded that they rectify the situation. At the time of filing there is no claim for actual damages pursuant to the Consumers Legal Remedies Act, however 30 days after provision of the statutory notice, this claim will be deemed to include a request for damages pursuant to this cause of action.

## THIRD CAUSE OF ACTION

### Unfair and Deceptive Business Practices

(Violation of California Business & Professions Code §17200 *et seq.*)

33. Plaintiff realleges the preceding paragraphs as if fully set forth herein, and to the extent necessary, plead this cause of action in the alternative.

34. Plaintiff has suffered injury in fact and lost money or property as a result of Defendant's actions as set forth above.

35. **Unfair Business Practices.** Defendants' actions as alleged in this Complaint constitute "unfair" conduct within the meaning of California Business and Professions Code §§17200 et seq.

36. Defendants' business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its subscribers.

37. Defendants' wrongful business practices constituted, and continue to constitute, a continuing course of unfair competition since Defendants continue to do business in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers.

38. Pursuant to Business and Professions Code §17203, Plaintiff seeks an Order of this Court enjoining Defendants from continuing to engage in "unfair" business practices and any other act prohibited by law, including those acts set forth in this Complaint.

39. Plaintiff also seeks an Order requiring Defendants to make full restitution of all moneys wrongfully obtained, along with all other relief allowable under Business and Professions Code §17200 et seq.

40. **Unlawful Business Practices.** Defendants' actions as alleged in this complaint constitute an "unlawful" practice because:

    a. Defendants' actions are "unfair" as alleged above;

    b. Defendants' conduct constitutes a violation of California Civil Code § 1793.2(b);

    c. Defendants' conduct constitutes a violation of California Civil Code § 1793.2(d)(2);

    d.    Defendants' conduct constitutes a violation of California Civil Code § 1794—Breach of the Implied Warranty of Merchantability;

    e.    Defendants' conduct constitutes a violation of California Civil Code § 1794—Breach of the Implied Warranty of Fitness;

    f.    Defendants' conduct in failing to repair the defects constitutes a violation of California Civil Code § 1794—Breach of Express Warranty; and

    g.    Defendants' conduct constitutes a violation of the Consumers Legal Remedies Act as alleged above.

41. As a result of Defendants' "unlawful" conduct, Plaintiff expended money that they would not otherwise have spent, and received: (a) less than Defendant represented; and (b) less than Plaintiff paid for the Vehicle.

42. **Declaratory Relief.** Pursuant to California Civil Code §1060, the parties are persons interested in a written instrument—the express warranty—who desire a declaration of their respective rights or duties with respect to one another, or in respect to property—the Vehicle.

43. Plaintiff seeks a binding declaration as to whether or not:

    a.    Defendants' conduct constitutes a violation of California Civil Code § 1793.2(b);

    b.    Defendants' conduct constitutes a violation of California Civil Code § 1793.2(d)(2);

    c.    Defendants' conduct constitutes a violation of California Civil Code § 1794—Breach of the Implied Warranty of Merchantability;

    d.    Defendants' conduct constitutes a violation of California Civil Code § 1794—Breach of the Implied Warranty of Fitness;

    e.    Defendants' conduct in failing to repair the defects constitutes a violation of California Civil Code § 1794—Breach of Express Warranty; and therefore

    f.    The Vehicle's title must reflect the disclosures compelled by California Civil Code § 1795.8.

44. **Injunctive Relief.** Pursuant to Business and Professions Code §17203, Plaintiff seeks an Order of this Court enjoining Defendants from continuing to engage in its unlawful business practices, including those acts set forth in this Complaint.

45. Plaintiff also seeks an Order requiring Defendant to make full restitution of all moneys wrongfully obtained as alleged herein, along with all other relief allowable under Business and Professions Code §17200 et seq.

## FOURTH CAUSE OF ACTION

### Breach of Implied and Written Warranties under the Magnuson-Moss Warranty Act

46. Plaintiff realleges each and every preceding paragraph and incorporates them by this reference as though fully set forth herein.

47. Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC § 2301(3).

48. The Seller, Dealership, is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC § 2301(4), (5).

49. Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC § § 2301(4), (5).

50. The Vehicle is a "Consumer Product" as defined in the Warranty Act.

51. The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

52. The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 USC § 2301(6).

53. The Seller is an authorized dealership/agent of the manufacturer designated to repairs on Vehicles under Manufacturer's warranties.

54. The above-described actions (failure to repair and/or properly repair the above mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC § 2310(d)(1), (2).

9
COMPLAINT

55. As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all Defendants: (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff's retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys' fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

## PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff prays for judgment as follows:

a. For restitution;

b. For actual damages (except pursuant to the CLRA until 30 days after notice thereof) according to proof at trial;

c. For a civil penalty in the amount of two times actual damages;

d. For punitive damages;

e. For declaratory relief;

f. For injunctive relief;

g. For attorneys' fees;

h. For costs and expenses;

i. For prejudgment interest at the legal rate from the date of purchase;

j. Post judgment interest; and

k. For such other and further relief as the court deems just and proper under the circumstances.

## DEMAND FOR ELECTRONIC SERVICE

Plaintiff requests electronic service. Plaintiff's counsel's electronic service address is danlebel@consumerlawpractice.com. Pursuant to subdivision (e)(2) of Code of Civil Procedure section 1010.6, any party who is represented by counsel is required to

electronically serve Plaintiff's counsel with any notice or document that is permitted to be served by mail, express mail, overnight delivery, or facsimile transmission.

DATED: July 11, 2023

CONSUMER LAW PRACTICE

*/s/Daniel T. LeBel*
Daniel T. LeBel
PO Box 31820
San Francisco, CA 94131
Tel: (415) 513-1414
*Attorneys for Plaintiff*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Tesla Motors Inc. and DOES 1-20;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Vadim Yarovoy

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/11/2023
Chad Finke, Executive Officer / Clerk of the Court
By: D. Oliver, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, County of Alameda
Alameda
24405 Amador Street Hayward, California 94544

**CASE NUMBER:** *(Número del Caso):* 23CV038164

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel T. LeBel, 246169      (415) 513-1414
Consumer Law Practice, PO Box 31820, San Francisco, CA 94131

DATE: 07/11/2023    Chad Finke, Executive Officer / Clerk of the Court    Clerk, by D. Oliver, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Tesla Motors Inc.

    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel T. LeBel, 246169<br>Consumer Law Practice, PO Box 31820, San Francisco, CA 94131 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (415) 513-1414    FAX NO. *(Optional):* (877) 563-7848<br>E-MAIL ADDRESS: danlebel@consumerlawpractice.com<br>ATTORNEY FOR *(Name):* Vadim Yarovoy | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, California 94544
BRANCH NAME: Alameda

CASE NAME: Vadim Yarovoy vs. Tesla Motors Inc. and DOES 1-20;

| CIVIL CASE COVER SHEET<br>[✓] Unlimited    [ ] Limited<br>(Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 11, 2023

Daniel T. LeBel                                                                  ▶  /s/ Daniel LeBel
(TYPE OR PRINT NAME)                                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | FILED<br>Superior Court of California<br>County of Alameda<br>07/11/2023<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Oliver |
| PLAINTIFF:<br>Vadim Yarovoy | |
| DEFENDANT:<br>Tesla Motors Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV038164 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 11/27/2023    Time: 2:30 PM    Dept.: 518
> Location: Hayward Hall of Justice
> 24405 Amador Street, Hayward, CA 94544

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/11/2023<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Oliver |
| PLAINTIFF/PETITIONER:<br>Vadim Yarovoy | |
| DEFENDANT/RESPONDENT:<br>Tesla Motors Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV038164 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Daniel T. LeBel
Consumer Law Practice
PO Box 31820
San Francisco, CA 94131

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/13/2023        By:

D. Oliver, Deputy Clerk

**CERTIFICATE OF MAILING**