DANIEL T. LEBEL, SBN 246169
**CONSUMER LAW PRACTICE**
**OF DANIEL T. LEBEL**
PO Box 31820
San Francisco, CA 94131
*danlebel@consumerlawpractice.com*
Tel: (415) 513-1414
Fax: (877) 563-7848

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| VADIM YAROVOY,<br><br>   Plaintiff,<br><br> v.<br><br>TESLA MOTORS, INC. and DOES 1-20;<br><br>   Defendants. | Case No. 5:23-cv-4182-JSC<br><br>**DECLARATION OF DANIEL LEBEL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: March 14, 2024<br>Time: 10:30 a.m.<br>Ctrm: 8, 19th Flr.<br>Judge: Hon. Jacqueline Scott Corley |

---

DECLARATION OF DANIEL T. LEBEL ISO MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 3:23-CV-4182-JSC

I, Daniel T. LeBel, have personal knowledge of the facts alleged herein and if called upon as a witness will testify as follows:

1. I am an attorney at law licensed to practice and in good standing before all the courts of the State of California, California's federal District Courts, including the Northern District of California, and the United States Ninth Circuit Court of Appeal. I represent Plaintiff herein. I submit this declaration in support of PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS.

## GENERAL BACKGROUND

2. I have been a practicing attorney since May 2006, during that time I have represented tens of millions of consumers throughout the state of California, including thousands in automobile warranty or dealer fraud matters in individual and class action litigation.

3. Alongside my trial practice I am actively involved in maintaining and shaping the law through appellate litigation concerning the Song Beverly Consumer Warranty Act and consulting on consumer protection legislation for public advocacy groups. This currently includes my work before the California Supreme Court as *amicus* counsel on behalf of "CARS" (Consumers for Auto Reliability and Safety) in *Niedermeyer v. FCA US, LLC*, Case No. S266034.

4. As an associate with Girad Gibbs, LLP (now Girard Sharp, LLP and Gibbs Law Group, LLP) I was heavily involved in pleading and briefing *In re Mercedes-Benz Tele-Aid Litigation*, 07-cv-02720-DVD-MAS, MDL No. 1914 US Dist. Ct. for New Jersey (pre-MDL case *Pellegrini v. Mercedes-Benz U.S.A., LLC*, No. 07-4530 (C.D. Cal.)). The Complaint alleged Mercedes misled consumers as to the longevity of its telematics systems installed in their vehicles. In a widely cited opinion, the Court certified a nationwide class of Mercedes owners with claims under New Jersey law.

5. As a practicing attorney, my articles on techniques and strategy in consumer protection cases and class action procedure have been circulated in industry publications. My

dedication and expertise have been recognized by being named to National Trial Lawyers Top 100 for Civil Plaintiffs, SuperLawyers Rising Stars, and by the Bar Association of San Francisco as an Outstanding Volunteer in Public service for my work with the Consumer Defense Clinic.

6. From the beginning of my legal career I have been interested in representing consumers as a trial attorney. Prior to law school I worked at the Dolan Law Firm managing their client intake process and received special permission (as a non lawyer) to second chair a trial in San Francisco Superior Court with Christopher Dolan. Since this time I have continued to dedicate myself to learning and applying effective techniques for trying cases on behalf of plaintiffs.

7. My undergraduate degree was in Philosophy and I graduated with distinction in general scholarship from U.C. Berkeley. At UC Law, San Francisco (formerly U.C. Hastings College of the Law) I completed a concentration in civil litigation, advanced course work in class action procedure, received the Witkin and CALI awards for Negotiation and Administrative Law, and was selected to represent the school travelling nationally in ABA team competitions.

## **REASONABLE TIME AND RATES**

8. My firm utilizes state-of-the-art software for case management but also for time capture. Contemporaneous and extremely precise time records are created via an integrated system which tracks the amount of time the user spends working within a document or on an email as well as other tasks such as making a telephone call.

9. I have reviewed my firm's time records in this matter and am satisfied that the time billed by myself and the firm's paralegal Jacqueline Sorto is accurate and that $25,662.50 reflects the reasonable lodestar necessarily incurred to date. Where there were entries that could be seen as repetitious or administrative in nature, they have been "written off."

10. Attached as **Exhibit B** is a true and accurate printout of my firm's billings for time and

expenses in this matter.

11. I have reviewed my firm's expenses in this matter and am satisfied that $554.60 accurately reflects the expenses reasonably incurred in prosecuting this matter. "Cover" will be provided upon request.

12. My hourly rate for 2023, when much of the work in this matter was completed, was $675 per hour.

13. I handled matters for consumers for which I could not take on a full scope contingency basis and directly billed them at that $675/hr. rate. I regularly earn this rate in settlements in Courts and arbitration throughout the Bay Area.

14. Counsel for Tesla in this matter recently opposed my 2022 rate of $625 as unreasonable through a fee motion in arbitration. The arbitrator in that matter stated:

> "Having mediated literally hundreds of cases involving consumer claims against car manufacturers and dealers similar to the instant case, I have had an opportunity to review multiple attorney's fees claims and bills. Through this experience I have obtained a good working familiarity with the billing rates charged by consumer attorneys in this field in the Bay Area. Generally, consumer attorneys' hourly billing rates range from $450 per hour to $750 per hour. Mr. LeBel's declaration outlines his extensive experience representing consumers for over 15 years. Based upon his experience in handling many automobile warranty or dealer fraud cases and the hourly billing rates for consumer attorneys handling similar cases in the San Francisco Bay Area, I find that his billing rate of $625/hr. is reasonable. The billing rate of Claimant's counsel is also reasonable given the fact that the subject case was being handled on a contingency fee basis, thus creating greater risk to counsel. Additionally, the billing rate for Claimant's Counsel's paralegal of $100/hr. is reasonable."

> May 10, 2023, Final Award Attorney's Fees and Costs.

15. Due to the technology that it employs and its unique status as both a manufacturer and a dealership, Tesla presents some unique challenges in litigation on behalf of consumers. For one, generally the arbitration agreements included in the standard retain installment sales contracts used in California are not found enforceable against manufacturers. With Tesla, consumers must generally find another way to escape being sent to arbitration.

---

DECLARATION OF DANIEL T. LEBEL ISO MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 3:23-CV-4182-JSC

See page 22, "The Auto Lemon Law Index: Which top-selling auto manufacturers are sued the most, and the least, over defective cars in California?" Dutzik, Cross, Shanahan and Engstrom, May 2, 2022 available at https://pirg.org/california/edfund/resources/auto-lemon-index/ (last viewed Feb, 8, 2024).

16. Although Respondents could have chosen to settle this matter at any time, the litigation went Plaintiff accepted Tesla's Rule 68 offer of judgment, which provides for a fee motion.

17. Not counting this motion for attorneys' fees, I am satisfied that the time records representing my firm's billings of $26,817.50 are accurate and this time was reasonably incurred in the prosecution of this matter.

18. I anticipate that fully briefing the motion for fees and costs and presenting at the hearing will incur another 10 hours of attorney time for an additional expense of $12,000. Tesla may avoid that additional expense by agreeing to pay the fees and costs sought by Plaintiff in this Motion until such time that it files an opposition.

19. I am mindful that filing a motion before the Court that will likely cost around $15,000 in additional fees for Plaintiff to litigate where the underlying fees sought are approximately $25,000, is not the most rational course of action. And I do not wish to unnecessarily burden the Court with this motion practice. However, Tesla and its counsel have made it clear from the outset that Tesla is unwilling to voluntarily pay the reasonable attorneys' fees and costs in this matter.

Dated: February 8, 2024                    Respectfully submitted,

                                                  **CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**

                                                  /s/ *Daniel T. LeBel*
                                                  Daniel T. LeBel