DANIEL T. LEBEL (SBN 246169)
*danlebel@consumerlawpractice.com*
**CONSUMER LAW PRACTICE**
**OF DANIEL T. LEBEL**
PO Box 31820
San Francisco, CA 94131
Telephone:   (415) 513-1414
Facsimile:    (877) 563-7848

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| Vadim Yarovoy,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Tesla Motors Inc. and DOES 1-10,<br><br>　　　　　Defendant. | Case No.: 23-CV-4182-JSC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:  March 14, 2024<br>Time: 10:30 a.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Ctrm:  8, 19th Flr. |

1   **PLEASE TAKE NOTICE** that, on March 14, 2024 at 10:30 a.m. or as soon after as the
2   matter may be heard, in Courtroom 8 of this Court, located at the San Francisco Courthouse,
3   19th Floor, 450 Golden Gate Ave, San Francisco, CA 94102, before the Honorable Jacqueline
4   Scott Corley, presiding, Plaintiff Vadim Yarovoy ("Plaintiff") will and hereby does move this
5   Court pursuant to Federal Rules of Civil Procedure , for an Order awarding reasonable attorneys'
6   fees and costs. The Consumer Law Practice of Daniel T. LeBel ("Counsel") respectfully requests
7   that the Court award Plaintiff  $25,662.50 in attorneys' fees and $554.60 in costs incurred in
8   prosecuting this action and an additional $12,500 for fully briefing and arguing this motion
9   should the hearing become necessary.

The motion is based upon this Notice of Motion, the accompanying Memorandum of
Points and Authorities in Support of the Motion, the Declarations of: Plaintiff Vadim Yarovoy,
Plaintiff's counsel, Daniel T. LeBel, and Scott F. Kaufman in Support of the Motion and the
exhibits attached thereto, all prior pleadings and proceedings in this matter, and all other
evidence and written and oral arguments that may be submitted in support of the Motion.

DATED: February 8, 2024

**CONSUMER LAW PRACTICE
OF DANIEL T. LEBEL**

*/s/ Daniel T. LeBel*

Daniel T. LeBel
*danlebel@consumerlawpractice.com*
PO Box 31820
San Francisco, CA 94131
Telephone: (415) 513-1414
Facsimile:  (877) 563-7848

*Attorney for Plaintiff*

DANIEL T. LEBEL (SBN 246169)
*danlebel@consumerlawpractice.com*
**CONSUMER LAW PRACTICE
OF DANIEL T. LEBEL**
PO Box 31820
San Francisco, CA 94131
Telephone:   (415) 513-1414
Facsimile:    (877) 563-7848

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Vadim Yarovoy,<br><br>            Plaintiff,<br><br>     vs.<br><br>Tesla Motors Inc.,<br><br>            Defendants. | Case No.: 23-CV-4182-JSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>The Hon. Jacqueline Scott Corley<br><br>Date: March 14, 2024<br>Time: 10:30 a.m.<br>Ctrm: 8, 19th Flr. |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      INTRODUCTION

Pursuant to the signed Rule 68 offer, Plaintiff Vadim Yarovoy ("hereinafter "Mr.Yarovoy" or Plaintiff") brings this motion for attorney's fees and costs. As specified in the offer of judgment, Defendant Tesla Motors Inc. (hereinafter "Tesla" or "Defendant") agreed to pay Plaintiff a sum of $65,000 for the buyback of his vehicle and $5,000 in attorneys' fees and costs *or* the amount for attorneys' fees and costs to be decided by motion.

Plaintiff prevailed in this action through the skill, experience, and work of Plaintiff's counsel in preparing, investigating, pleading, and negotiating this matter for more than a year. Plaintiff obtained a cash settlement *more than*:

- Plaintiff's initial settlement offer;
- double the potential resale value of the vehicle; and
- double where Tesla's negotiations started.

Perhaps just as significantly, the settlement came *without* **the lengthy one-sided release** Tesla insisted on prior to litigation.

Tesla's eventual willingness to present a reasonable settlement offer, however, did not extend to Plaintiff's attorney's fees and costs.

Rather than negotiate a global settlement, Tesla chose to separately negotiate fees and costs. Prior to litigation but after months of negotiation Tesla offered $1,500 in total for fees and costs. Then after litigation was initiated in the California state court case filed in Alameda County, Tesla offered $3,500 in a CCP 998 offer. Finally, after removing to this Court, and only after counsel's Rule 26(f) discovery and case management conference, Tesla's offer pursuant to FRCP 68 presented $5,000 for total reimbursement for attorneys fees and costs or by motion.[1]

Plaintiff's actual fees and expenses for the litigation to date consists of $26,817.50 in reasonable attorneys' fees and $554.60 in costs incurred prior to filing this motion. Plaintiff's

---

[1] Tesla's answer in this action contained dubious denials and forty-four "affirmative defenses"—many of which are not actually affirmative defenses at all. See DEFENDANT TESLA MOTORS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, filed August 8, 2023, Dkt. 6. Tesla's tactics unnecessarily multiplied the proceedings and discovery. Plaintiff's counsel had to incorporate these defenses in crafting a discovery plan and to consider the very unusual step of moving to strike the affirmative defenses.

counsel estimates there will be an additional $12,000 for fully briefing and arguing this motion. As such, at the hearing on this motion Plaintiff will seek reimbursement in the total amount of $38,817.50.

## I.     STATEMENT OF CASE AND SETTLEMENT

In June 2014, Plaintiff Vadim Yarovoy ("Plaintiff" or "Mr. Yarovoy") purchased a 2014 Tesla Model S (hereinafter "Vehicle") for a total sales price of $80,7666. (Complaint, Dkt. No. 1-1, ¶ 4.) The Vehicle was covered by a 4 year/ 50,000 mi. "Tesla Certified Warranty." (Id. ¶ 10.) The Vehicle suffered from several nonconformities that were subject to a dozen repair visits. Most notably, the high voltage ("HV") battery which generated drive power for the Vehicle. (Declaration of Plaintiff Vadim Yarovoy at ¶ 1.) It appeared to Plaintiff that as the warranty was expiring, the HV battery had been intentionally disabled via Tesla's software update. (Id.) Plaintiff pressed the issue with Tesla but Tesla was unwilling or unable to permanently repair the Vehicle or adequately compensate Mr. Yarovoy. (See Yarovoy Decl. at ¶¶ 1-2.)

Plaintiff first attempted to negotiate with Tesla through counsel not involved in this case but was unsuccessful. (Yarovoy Decl. ¶ 2.) Several other firms passed on his case until he was referred to present counsel. (Yarovoy Decl. ¶ 3.)  Plaintiff's counsel thoroughly investigated the issues with the Vehicle, publicly available information about common issues with similar model years and Tesla's practices, and communicated with Plaintiff such that they were mutually assured of the underlying facts and expectations with respect to potential claims. (Yarovoy Decl. ¶ 4.) Plaintiff's counsel continued the pre-filing negotiations initiated by Mr. Yarovoy and prior counsel and provided Tesla's in-house counsel with everything it requested, however, the parties could not reach a settlement. Plaintiff filed this lawsuit in Alameda County Superior Court, Case. No. 23-cv-038164 on July 26, 2023. Rather than take responsibility or initiate settlement discussions, Tesla initially took an aggressive approach. Outside counsel first contacted Plaintiff via service of remand papers and then served CCP 998 offer of judgment. Only as the initial case management conference approached and after counsel held discussions of the claims and defenses and on topics for the Rule 26(f) conference, did Tesla finally make its Rule 68 offer.

Plaintiff accepted the buyback offer which was substantially higher than Tesla's previous offers and didn't include the oppressive terms of its release. However the associated offer of $5k in total to reimburse Plaintiff's attorneys' fees and costs was an offer Plaintiff could not possibly accept, forcing the present fee motion.

**II.  ARGUMENT**

**A. Plaintiff's Attorney's Fees and Costs Are Provided by Statute and the Court Should Order Tesla to Reimburse Plaintiff**

For Plaintiff's underlying claims which are state law claims, this Court applies California law on attorneys' fees. *See Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002). Plaintiff asserted claims for violation of California's Consumers Legal Remedies Act (Cal. Civ. Code 1750 *et seq*. (the "CLRA")) which provides for a ***mandatory*** award of attorney's fees and costs to the prevailing plaintiff.[2] Additionally, pursuant to the Song-Beverly Consumer Warranty Act, Civ. Code §1791 *et seq*. ("Song-Beverly"), Plaintiff, as the prevailing buyer, is entitled to recover reasonable attorney's fees, based on actual time expended, and court costs and expenses. Civ. Code §1794(d).

The California Supreme Court has repeatedly explained the importance of enforcing the fee shifting provisions shifting payment of attorney's fees and costs under the Act:

> "Such fees generally comprise the lion's share of the litigation costs, and the prospect of having to pay attorney's fees even if one wins a lawsuit can serve as a powerful disincentive to the unfortunate purchaser of a malfunctioning automobile. By permitting prevailing buyers to recover their attorney's fees in addition to costs and expenses our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible."

*Murillo v. Fleetwood Enterprises, Inc.,* (1998) 17 Cal.4th 985, 994.

---

[2]  Cal. Civ. Code 1780(e) "The court ***shall award*** court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section…" (emphasis added).

And finally, the Magnuson-Moss Warranty Act (15 USC § 2301 *et seq*.) also provides for the prevailing consumer's attorney's fees and costs.[3]

Plaintiff achieved his primary litigation objective and is unquestionably the prevailing party under Cal. Code Civ. Proc. § 1032. The lodestar method is the prevailing method in awarding attorney's fees in Song-Beverly claims. *Robertson,* 144 Cal.App.4th, 818-819. *See also Ketchum v. Moses,* (2001) 24 Cal.4th 3 1122, 1135 (California Supreme Court endorsing the lodestar method as the prevailing method for 4 statutory fee awards); *Doppes v. Bentley* (2009) 174 Cal.App.4th 967, 997-998; *Graciano v. Robinson Ford Sales, Inc.,* (2006) 144 Cal.App.4th 140, 154. Accordingly, all fees in the current matter have been calculated on a lodestar basis. (LeBel Decl., ¶¶8-10, 17-18, Ex. A).

**1. Plaintiff Has Documented the Actual Time Expended Which Is Reasonable and Should Not Be Bound by the Amount of the Recovery**

In *Robertson*, the Court of Appeal for California's Fourth Appellate District affirmed a Song-Beverly fee award of $158,647.20 in fees, and $22,028.00 in costs on a matter in which the plaintiff's award was only $22,000.00 in restitution and a $16,000.00 civil penalty (the Court remanded for recalculation of the trial court's additional $72,540.25 fee multiplier). Robertson, 144 Cal.App.4[th] at 792, 817-823. The affirmed base fee and cost award, excluding the additional multiplier, therefore exceeded the combined restitution and penalty damages by more than four times. In its unequivocal rejection of the Defendant's argument that the attorney's fee award was excessive when compared to Plaintiff's recovery, the court reasoned, "the plain wording of the statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred – both from the standpoint of time spent and the amount charged." Id. at 817.

---

[3] 15 USC § 2310(d)(2): "If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

The California legislature's intent with regards to both expensive and inexpensive consumer products was to "make sure attorney's fees awards would be based on actual time expended, rather than a percentage of the recovery, so that pursuit of consumer warranty cases would be economically feasible." Id. at 820. As such, the fee award under the Song-Beverly Act must be based only on time reasonably incurred and must not be in any way limited by the price of a given consumer's vehicle.

### 2. The actual time billed by Mr. Yarovoy's counsel was reasonably incurred.

In individual consumer cases such as this one, it's not unusual for the attorneys' fees and costs incurred to surpass the amount at issue. *Stokus v. Marsh*, (1990) 217 Cal.App.3d 647, 653, (Court affirmed a $75,000 fee award following a $6,000 recovery (a multiple of over twelve times "plaintiff's counsel were met at every step with learned, energetic, imaginative, concentrated, and extensive opposition by extremely able counsel who specialize in [these] matters.

California does not require the submission of time records to prove the number of hours reasonably expended in litigation. *Martino v. Denevi*, (1986) 182 Cal.App.3d 553, 559; *Sommers v. Erb*, (1992) 2 Cal.App.4th 1644, 1651; *Nightingale, supra*, 31 Cal.App.4th at 10211. Nevertheless, Plaintiff has submitted detailed time records for the attorney and (noncertified) paralegal who has worked on this case.  The records submitted reflect the actual time and description of services billed in connection with the litigation of this action by Plaintiff's counsel which was not duplicative, redundant, or unnecessary.  Each time-entry reflects work reasonably incurred in connection with  the prosecution of the case and was entered contemporaneously with the work performed. (LeBel Decl., ¶¶ 8-10; Ex. B.)  Plaintiff has further provided the Court a detailed breakdown of hours by the attorney and paralegal involved in this matter with their corresponding fee rates to assist the court in its review of the submitted time slips. (LeBel Decl., ¶10-17, Ex. B). Such records "are entitled to credence in the absence of a clear indication the records are erroneous." *Horsford v.  Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396.

Because Plaintiff's counsel routinely litigates these types of cases, counsel's office has developed streamlining techniques in an effort to shorten the time required of particular tasks. Where counsel was able to utilize templates or forms, time was only billed for the time spent modifying them.

Plaintiff's counsel has billed a reasonable 32.5 hours litigating this case. Counsel is willing to prosecute consumer protection cases that other attorneys are unwilling to handle, partly because counsel trusts his preparation. (See Yarovoy Decl.¶ 3 Warranty cases require a higher level of pre-filing investigation because in addition to extensive paperwork, witness testimony, and other evidence such as video recordings of nonconformities—they involve a complicated key piece of physical evidence—the vehicle itself. The prosecution of this action including the litigation of this matter could have been avoided by Defendant, and indeed, could have settled earlier for far less and saved itself both time and money. (Yarovoy Decl. ¶¶4-6; LeBel ¶¶ 10, 14, 16 Decl. Ex. B). Given the work that went into this case, the fine outcome achieved, and Tesla's unwillingness to pay Plaintiff's incurred fees and costs without this motion, the time spent by Plaintiff's counsel in prosecuting this action was reasonable, minimal, and necessary. (LeBel Decl. ¶ 19.)

**B. Plaintiff's Billing Rates Are Reasonable and Supported by the Local Market and Prior Decisions Granting His Rate and Similar of Higher Rates**

Plaintiff's counsel took this case on a contingency basis, paid all expenses on Plaintiff's behalf, and assumed the full risk of loss of the costs and expenses paid. Counsel also earns this same rate via noncontingent arrangements with consumers who typically hire on a consulting basis. (LeBel Decl. ¶ 13.) Plaintiff's counsel spent 32.5 hours litigating this case to date since December 2022, without payment or reimbursement. (See LeBel Decl., Ex. B, p. 14, "Professional Fee Summary.")

> "In the legal marketplace, an attorney whose compensation is dependent on the success and who takes a significant risk should and does expect, to receive a higher fee than an attorney who is paid at a market rate as the case goes along, win or lose."

*Rader v. Thrasher* (1962) 57 Cal.2d 244.

As the Court of Appeal explained in *Cazares v. Saenz* (1989) 208 Cal.App.3d 279, 288 the risk factor supports a higher fee rate: "A contingent fee contract, since it involves a gamble on the result, may properly provide for a larger compensation than would otherwise be reasonable." *Ketchum, supra*, 24 Cal.4th at 1132. Thus, in theory, a contingent fee in a case with a 50 percent chance of success should pay double the amount of a non-contingent fee for the same type of case.

**1. Plaintiff's counsel's Rates of $625 for 2022 and $675 for 2023 Are Consistent with Those of Other Attorneys with Similar Experience.**

In determining whether these rates are reasonable, the Court should compare the rates claimed with the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum, supra*, 24 Cal.4th at 1133.

An attorney in the same market recently had an hourly rate of $795 expressly approved as reasonable in a contested fee motion in *Badani v. Mercedes-Benz USA, LLC*, RG21107062 on February 08, 2023. (Kaufman Decl. ¶ 3, Ex. A.) Published opinions also support counsel's rates. For example, **eight years ago** in 2016, the California Court of Appeal for the Fourth Appellate District affirmed that $575 is a reasonable hourly rate for a plaintiffs' lemon law attorney in San Diego. *Goglin v. BMW of North America, LLC, et al.* (2016) 4 Cal. App.5th 462, 474. *Goglin* upheld the trial court's fee and cost award of over $185,000.00 in a Song-Beverly matter which settled pre-trial and involved a vehicle that cost only $45,762.00. Plaintiff's counsel's hourly rate of $575 was affirmed. Id. at 468-70, 474.

In the instant matter, Mr. Yarovoy's counsel is an experienced and award-winning trial attorney who has litigated hundreds of consumer protection cases against auto manufacturers, including General Motors, BMW, Ford Motor Company, Toyota Motor Sales, U.S.A., Inc, and others, since 2006. He has tried warranty and other consumer protection cases and argued appeals before the Ninth Circuit. Mr. LeBel is an active member of the consumer protection bar locally and nationally. He is currently *amicus* counsel in a Song-Beverly case before the California Supreme Court, consulting on proposed consumer protection legislation, and an active member of the National Association of Consumer Advocates ("NACA"). (LeBel Decl. ¶ 2-5.)

Accordingly, when the facts support a significant fee award, and when such time was reasonably incurred, such fee awards can and should be approved in Song-Beverly actions. In this matter, the amount sought is *significantly less* than published Song-Beverly decisions. Defendants' dragging out of cases by unnecessarily filing for removal, filing lengthy meaningless answers, and requiring discovery preparation and conference of counsel before making a reasonable settlement offer requires additional work just due to the advancing posture of the case. Even if Plaintiff or his counsel believed the case should/might settle, there is still preparation and communication in keeping mutually informed of developments or lack thereof, in the litigation, negotiations, and the current condition of the Vehicle. Considering that the matter was over one year old when it settled is itself evidence of the reasonableness of fees and cost.

**D.     Plaintiff is entitled to reimbursement of reasonably incurred litigation costs and expenses.**

The consumer protection statutes at issue each provide for reimbursement of litigation costs and expenses even beyond the costs ordinarily recoverable under Cal. Code Civ. Proc.1033.5.[4] Further, rather than the "necessity" standard under §1033.5(a)(3), Song-Beverly only asserts reasonable standard. Here, Plaintiff only seeks reimbursement of $554.60 in filing fees which Plaintiff reasonably and necessarily incurred in this action. (LeBel Decl., ¶10, Ex. B and ¶ 11).

**E. Plaintiff Is Entitled to an Award of Attorney's Fees and Costs Incurred in Litigating** *this Motion*

---

[4] A buyer prevailing in an action under Song-Beverly "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, ... determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code §1794(d); "[I]t is clear the Legislature intended to word 'expenses' to cover items not included in the detailed statutory definition of 'costs.'" *Jensen v. BMW of North America, Inc.,* (1995) 35 Cal.App.4th 112, 137.

Plaintiff's counsel should not be penalized for Defendant's unwillingness to pay Plaintiff's reasonable attorney's fees short of a fee motion. In *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141, the California Supreme Court carefully considered and reaffirmed that a fee award should "ordinarily include compensation for all hours reasonably spent, **including those necessary to establish and defend the fee claim**." *Id.* (emphasis added). Plaintiff tried to settle the issue of attorney's fees prior to drafting this motion. Tesla, like many manufactures in these cases, seems to believe it has nothing to lose in forcing litigation over fee and costs. Plaintiff's counsel is entitled to compensations for the time spent litigating the current motion present motion and Tesla should not be rewarded for dragging this matter out more than it already has.

## IV.  CONCLUSION.

Plaintiff respectfully requests that the Court award Plaintiff's reasonable fees and expenses for the litigation to date which consists of $26,812.50 in attorneys' fees and $554.60 in costs incurred prior to filing this motion and an additional $12,000 for fully briefing and arguing this motion. As such, at the hearing on this motion Plaintiff will seek reimbursement in the total amount of $38,817.50.

Respectfully submitted,

DATED: February 8, 2024

**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**

*/s/ Daniel T. LeBel*

Daniel T. LeBel
*danlebel@consumerlawpractice.com*
PO Box 31820,
San Francisco, CA 94131
Telephone: (415) 513-1414
Facsimile: (877) 563-7848

*Attorney for Plaintiff*