UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VADIM YAROVOY,<br><br>  Plaintiff,<br><br>v.<br><br>TESLA, INC,<br><br>  Defendant. | Case No. 23-cv-04182-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 22 |

Plaintiff moves for attorney's fees and costs after accepting Tesla's Rule 68 offer in this lemon law action. (Dkt. No. 24.)[1] Plaintiff seeks $37,462.50 in total reimbursement, including $24,962.50 in attorney's fees, $554.60 in costs and $12,500 for briefing this motion.[2] (Dkt. No. 30 at 7.) After carefully considering the parties' written submissions, the Court GRANTS in part and DENIES in part the motion. The Court awards Plaintiff $14,436.25 in fees and $554.60 in costs.[3]

**BACKGROUND**

In June 2014, Vadim Yarovoy purchased a Tesla Model S for $80,766. (Dkt. No. 1-1 ¶ 3.) The vehicle suffered "serious nonconformities" and underwent a dozen repair visits. (Dkt. No. 1-1 ¶¶ 11-12.) Tesla "repeatedly failed to repair the Vehicle in a timely manner, fix the defects, or to offer Plaintiff a buyback." (Dkt. No. 1-1 ¶ 17.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Plaintiff changes his total fee request several times throughout the briefing, including twice in his Reply. The numbers cited here reflect the final request in Plaintiff's Reply. However, Plaintiff's final figure does not accurately reflect the sum of his specified fee requests; those numbers add up to $38,017.10.
[3] The final award factors in deductions Plaintiff volunteers in his Reply. (Dkt. No. 30 at 4-5.)

1    On July 11, 2023, Plaintiff filed this state lemon law action in Alameda County Superior
2    Court. (Dkt. No. 1-1 at 3-18.) One month later, on August 14, 2023, Tesla served a California
3    Code of Civil Procedure Section 998 offer—the California state court Federal Rules of Civil
4    Procedure 68 equivalent—with an option for $3,500 in fees and costs, which Plaintiff rejected.
5    (Dkt. No. 29-1 ¶ 7.) On August 16, 2023, Tesla removed the case to this Court. (Dkt. No. 1.) On
6    October 3, 2023, Tesla served Plaintiff a Rule 68 offer. (Dkt. No 29-1 ¶ 9.) Plaintiff accepted
7    Tesla's $65,000 buyback offer, but rejected Tesla's $5,000 offer for fees, opting to pursue higher
8    attorney's fees and costs via the present motion. (Dkt. No. 13-1.) On November 1, 2023, Tesla
9    served another Rule 68 offer for $12,000 in fees, which Plaintiff also rejected. (Dkt. No. 29-1 ¶
10   11.)

11   Plaintiff's counsel billed 32.5 hours litigating this case since December 2022—23.4 hours
12   at $625/hour and 9.1 hours at $675/hour. (Dkt. No. 22-4 at 2-16.) Counsel's paralegal billed 47
13   hours—7.8 hours at $125/hour and 39.2 hours at $100/hour. *Id*. Plaintiff submits a declaration
14   from his attorney and a peer attorney to support allegations Plaintiff's counsel has practiced law
15   for nearly 18 years, litigated thousands of auto warranty matters, and received numerous industry
16   plaudits. (*see* Dkt. No. 22-3 ¶ 2; *see also* Dkt. No. 22-1 ¶ 5.)

17   Plaintiff now seeks $37,462.50 in total reimbursement. (Dkt. No. 30 at 7.) This amount
18   includes $24,962.50 in attorney's fees, $554.60 in "costs incurred prior to filing this motion," and
19   $12,500 "for fully briefing and arguing this motion." *Id*. Tesla requests Plaintiff's motion be
20   dismissed entirely, or alternatively requests the Court reduce Plaintiff's fees to $2,955. (Dkt. No.
21   29 at 6.)

22   **LEGAL STANDARD**

23   State law governs attorney's fees in diversity cases such as this. *Riordan v. State Farm*
24   *Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in
25   which the district court sits determines whether a party is entitled to attorney fees, and the
26   procedure for requesting an award of attorney fees is governed by federal law").

27   The Song-Beverly Act allows a prevailing plaintiff to recover "the aggregate amount of
28   costs and expenses, including attorney's fees based on actual time expended, determined by the

1  court to have been reasonably incurred by the buyer in connection with the commencement and
2  prosecution of such action." Cal. Civ. Code § 1794(d).  A party is a prevailing party if the court,
3  guided by equitable principles, decides that the party has achieved its "main litigation
4  objective." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150–51 (2006); *see*
5  *also Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1262 (2012) (holding "consumers
6  who successfully achieve the goals of their litigation through a compromise agreement" may
7  recover attorney's fees and costs as prevailing parties under the Song-Beverly Act).

Courts calculate attorney's fees under California Civil Code § 1794(d) using the "lodestar adjustment method." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (2006).  The lodestar figure consists of "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).  A reasonable hourly rate is defined as "that prevailing in the community for similar work." *Id.*  As to the computation of hours, "trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

The lodestar figure may be adjusted, "based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Ketchum*, 24 Cal. 4th at 1134.  These factors include:

> [T]he nature of the litigation and its difficulty; the amount of money involved in the litigation; the skill required and employed in handling the litigation; the attention given to the case; the attorney's success, learning, age and experience in the particular type of work demanded; the intricacy and importance of the litigation; the labor and necessity for skilled legal training and ability in trying the case; and the amount of time spent on the case.

*Niederer v. Ferreira*, 189 Cal. App. 3d 1485, 1507 (1987).  "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchum*, 24 Cal. 4th at 1138.  A district court may, in awarding fees based on a lodestar calculation, "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific

3

explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). If a court imposes a reduction greater than 10 percent, it must give a "clear" explanation and "articulate its reasoning with . . . specificity." *Id.*

**DISCUSSION**

The parties do not dispute Plaintiff's right to recoup reasonable attorney's fees, costs, and expenses under the Song-Beverly Act. (Dkt. No. 29 at 4); *see also* Cal. Civ. Code § 1794(d). Instead, the question is what fees, costs, and expenses are reasonable.

**A.    Lodestar Calculation**

   **1.    Reasonable Hourly Rates**

To determine whether counsel's hourly rates are reasonable, the Court looks to the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum*, 24 Cal. 4th at 1133. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). In addition, Civil Local Rule 54-5(b)(3) requires the party seeking fees to submit "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services."

Here, Plaintiff's counsel billed 32.5 hours total—23.4 hours at $625/hour and 9.1 hours at $675/hour. (Dkt. No. 22-4 at 15). Plaintiff's counsel also billed 47 hours total for his paralegal, Jacqueline Sorto—39.2 hours at $100/hour and 7.8 hours at $125/hour. *Id*. Plaintiff's counsel represents he has practiced law for nearly 18 years, litigated thousands of automobile warranty or dealer fraud matters, and received numerous plaudits in industry publications. (Dkt. No. 22-3 ¶¶ 2, 5.) Counsel states he regularly earns "this rate in settlements in Courts and arbitration throughout the Bay Area." (Dkt. No. 22-3 ¶ 13.) He attaches a declaration from another local, similarly experienced lawyer who attests Mr. Lebel's $675/hour rate is "more than reasonable here." (Dkt. No. 22-1 ¶ 6.) The lawyer notes Alameda County Superior Court recently approved the attorney's $795/hour rate as reasonable in connection with a similar motion. (Dkt. No. 22-1 ¶

4

3.)

Tesla insists Plaintiff's counsel's rates are "excessive" and "unjustified." (Dkt. No. 29 at 8.) Tesla cites recent cases in which courts in this District found the following rates reasonable: $525/per hour reasonable for a partner with 21 years' experience; $450/hour reasonable for a senior associate with 20 years' experience; $340/hour reasonable for an associate with six to ten years' experience. (Dkt. No. 29 at 8-9.)

Plaintiff's counsel's fees are on the high end for attorneys with comparable experience performing similar services. But counsel's fees do not unreasonably exceed those also approved by courts in this district. *See Hanai v. Mercedes-Benz USA, LLC*, 2022 WL 718037, at *2 (N.D. Cal. Mar. 10, 2022) ("A review of several recent decisions in this district reveals hourly rates ranging from $225 to $650 for lemon law attorneys.") (citing cases); see also *Chen v. BMW of N. Amer.*, 2022 WL 18539356, at *3-4 (N.D. Cal. Nov. 14, 2022) (finding hourly rates between $400 to $600 reasonable); *Wu v. BMW of N. Am., LLC*, 2022 WL 2802979, at *3-4 (N.D. Cal. July 18, 2022) (awarding attorneys $450 to $600 for 2021 rates); *Covarrubias v. Ford Motor Co.*, 2021 WL 3514095, at *4-5 (N.D. Cal. Aug. 10, 2021) (approving hourly rates for between $385 and $550 for the years 2019 through 2021); *Cardoso v. FCA US LLC*, 2021 WL 1176532, at *3 (N.D. Cal. Mar. 29, 2021) (finding hourly rates of $340 to $624 reasonable); *Nguyen v. Simpson Strong-Tie Co., Inc.*, 2020 WL 5232564, at *9-10 (N.D. Cal. Sept. 2, 2020) (finding hourly rates between $563.50 and $676.20 were reasonable).

Plaintiff's counsel's higher rates are also understandable given Plaintiff's counsel practices in San Francisco. (Dkt. No. 24 at 1.) As a court in this District observed in a similar Song-Beverly Act suit, "the prevailing rates charged in the San Francisco legal market are among the highest in the state." *Bratton v. FCA US LLC*, No. 17-CV-01458-JCS, 2018 WL 5270581, at *5 (N.D. Cal. Oct. 22, 2018) (noting the "relevant forum" for consideration is the San Francisco Bay Area).

Plaintiff has met his burden of demonstrating his counsel's $625 and $675 hourly rates are reasonable. The Court also finds Ms. Sorto's paralegal rates of $100 and $125/hour reasonable. *See In re Magsafe Apple Power Adapter Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at

5

*12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240."); *see also Cardoso*, 2021 WL 1176532, at *3 (N.D. Cal. Mar. 29, 2021) (finding $150/hour paralegal rates reasonable). So, the Court employs Plaintiff counsel's rates in the lodestar calculation.

**2. Hours Reasonably Expended**

An attorney's fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Here, Plaintiff's counsel and his paralegal billed 79.5 hours over the 14 months this action has been pending. (Dkt. No. 22-4 at 2-15.) These entries include 32.5 hours billed by Mr. Lebel and 47 hours billed by Jacqueline Sorto, Mr. Lebel's paralegal. *Id*.

Tesla raises four objections to Plaintiff's billing records. (Dkt. No. 29 at 6-10.) First, Tesla insists Plaintiff's fees are "littered with unreasonable, exaggerated and duplicative time entries," including 23.8 hours drafting versions of the Complaint. (Dkt. No. 29 at 6-7.) Second, Tesla argues Plaintiff's time entries contain unrecoverable clerical work. (Dkt. No. 29 at 7.) Third, Tesla posits Plaintiff's billing entries contain "improper block-billing, internal communications" and unrecoverable overhead costs. *Id*. Finally, Tesla challenges Plaintiff's counsel's hourly rates, which the Court addressed above.

First, as to the complaint, Tesla cites 23.8 hours spent on the complaint; however counsel's invoice shows 19 hours total—counsel's paralegal spent nearly 17 hours on the complaint and civil cover sheet, as compared to counsel's two hours. (Dkt. Nos. 29 at 7; 22-4 at 2-15.) Tesla suggests the Complaint is a "template [. . .] that at most takes 1.5 hours to draft." (Dkt. No. 29 at 7.) In support, Tesla attaches a prior, nearly identical complaint filed by Plaintiff's counsel. (*Compare* Dkt. No. 29, Ex. A; Dkt. No. 29, Ex B.) Indeed, the two complaints are virtually identical, with new details from Mr. Yarovoy's case filled into what appears to be a template complaint. Plaintiff's counsel undoubtedly spent time revising and editing Mr. Yarovoy's complaint. But 19 hours is excessive given the similarities in the complaints. *See Pollard v. FCA*

6

*US LLC*, No. 8:17-CV-00591-JLS-JCG, 2020 WL 57270, at *5 (C.D. Cal. Jan. 3, 2020), *appeal dismissed*, No. 20-55128, 2020 WL 2204270 (9th Cir. Mar. 25, 2020) (finding 14.5 hours spent on a motion for attorney's fees under the Song-Beverly Act was unreasonable given it was substantially identical to an earlier motion).

Accordingly, the Court reduces hours spent drafting the complaint to five hours total. Of those five hours, the Court assigns four hours to the paralegal at a $100/hour and one hour to Mr. Lebel at $625/hour. The Court employs counsel's lower billing rates as counsel and his paralegal completed the complaint work prior to raising their rates in October 2023. (Dkt. No. 22-4 at 11.) This yields a total award of $1,025 for complaint-related tasks.

Counsel and his paralegal also bill nearly ten hours for work on an "Auto_Warranty_Complaint," also listed as "Auto_Fraud_Warranty_Complaint." (Dkt. No. 22-4 at 2-15.) Tesla contests each entry as "duplicative and exaggerated" and conflates the Auto Warranty Complaint entries with counsel's "Complaint" hours. (Dkt. No. 29-6 at 1-63.) It is not immediately apparent whether the auto warranty complaint refers to a separate, administrative matter, or whether the entries relate to the same court filing as the "Complaint." Counsel's paralegal "created" the "Auto_Fraud_Waranty_Complaint" over two months before she created the "Complaint." (Dkt. No. 22-4 at 3-4.) Work on the Auto Fraud Complaint continued through late October 2023, several months after counsel filed the state court action. (Dkt. No. 22-4 at 12.) The timelines suggest the entries refer to distinct complaint filings. Counsel bills work on the two complaints separate from one another, but does not provide any information clarifying the nature of the work or why it is compensable in this action. Without further details, 9.7 hours on an undefined auto warranty complaint—totaling over $5,572.50 in fees—is unreasonable. Accordingly, the Court deducts all hours spent on the auto warranty complaint. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))).

Second, as to the allegedly unrecoverable clerical work, "necessary support services for attorneys, e.g., secretarial and paralegal services, are includable within an award of attorney fees."

1  *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914, 951 (Ct. App. 1985).
2  In particular, "[w]here support staff do substantive case-related work, . . . fees for such work are
3  recoverable." *Weeks v. Kellogg Co.*, 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013).  But
4  "[p]arties cannot recover fees for conducting clerical tasks" when those "tasks are properly
5  considered part of an attorney's overhead and are reflected in his or her hourly rate." *Spitz Techs.*
6  *Corp. v. Nobel Biocare USA LLC*, 2018 WL 6016149, at *3 (C.D. Cal. Aug. 13, 2018), *aff'd*, 773
7  Fed. Appx. 625 (Fed. Cir. 2019); *see also Weeks*, 2013 WL 6531177, at *32 (also holding clerical
8  and ministerial tasks are usually reflected in an attorney's hourly rate); *Cruz v. Alhambra School*
9  *Dist.*, 601. F Supp. 2d 1183, 1193 (C.D. Cal. 2009) ("Parties cannot recover fees for conducting
10 clerical matters.").

11 The cited cases above distinguish between ineligible clerical work—involving office
12 administration, calendaring, and work typically considered part of an attorney's overhead—and
13 eligible paralegal work "done in furtherance of the substantive litigation." *Spitz Techs. Corp.*,
14 2018 WL 6016149, at *4.  Tesla asks the Court to decline any fee award for allegedly clerical
15 work.  (Dkt. No. 29 at 7.)  Tesla contests nearly every entry attributed to Mr. Lebel's paralegal,
16 asserting all her work is "clerical work."  (Dkt. No. 29, Ex. E.)  The Court declines to strike all
17 this allegedly clerical work outright.

18 Here, much of the "clerical" work entailed substantive review of warranty documents,
19 rebate application forms, and complaint revisions.  (Dkt. No. 22-4 at 2-15.)  But several entries are
20 purely clerical in nature and reflect vague time entries such as "matter admin" and "internal
21 messages sent/reviewed."  *Id*.  The "internal messages" entries do not indicate who sent or
22 received the emails, or the relevant substance of the messages.  Nor do the "matter admin" entries
23 clarify the nature of the work performed.  By contrast, several of Ms. Sorto's other entries specify
24 such information; for example, "2 emails sent/reviewed regarding Yaravoy – 2014 Tesla Model S
25 – vehicle surrender."  (Dkt. No. 22-4 at 13.)  The Court reduces the attorney's fees award by $845,
26 reflecting the total time billed for overly vague, clerical entries attributed to counsel's paralegal.
27 (Dkt. No. 22-4 at 2-15.)  *See*, *e.g.*, *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir.
28 2009) (reducing fee award by 6.05 hours for clerical work billed by paralegal, including paralegal

time entries for researching filing procedures, requesting checks, obtaining transcripts and phone calls and correspondence to the court, preparing cover letters, assembling and organizing documents, and forwarding documents).

Additionally, Tesla asks the Court to reduce block-billed entries by 30%. (Dkt. No. 29 at 7.) Attorneys should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. While Plaintiff's counsel frequently lists multiple entries in a single day block, each entry specifies the amount of time expended per task. Each claim can be distinctly identified, so the Court declines to reduce counsel's fees on these grounds. Also, Tesla asks the Court to reduce fees due to "general overhead" entries. (Dkt. No. 29 at 8.) But Tesla does not identify any overhead entries. (*See* Dkt. No. 29-6.)

Third, as to counsel's internal communications fee entries, the percentage of Plaintiff counsel's time characterized as "internal message sent/received" is excessive. (Dkt. No. 22-4 at 2-15.) Counsel is "not required to record in great detail how each minute of time was expended," but should at least "identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. But "[w]ork entries are inadequately vague when the district court is unable to discern how the time spent is attributable to the case at hand." *Santiago v. Equable Ascent Fin.*, No. C–11–3158 CRB, 2013 WL 3498079, at *9 (N.D. Cal. July 12, 2013). Likewise, excessive billing for non-substantive email exchanges is improper. *See, e.g.*, *Uriarte-Limon v. Leyva*, 2017 WL 5665016, at *4 (C.D. Cal. June 30, 2017) (reducing fee award based in part on "excessive hours devoted to non-substantive email exchanges); *see also Whitaker v. Beverly Falafel, Inc.*, 2020 WL 6494193, at *4 (C.D. Cal. Sept. 15, 2020) ("Counsel routinely billed its client for non-substantive emails involving deadlines and information about new trial dates. The Court finds these entries are unreasonable and strikes them.").

Counsel's billing records contain nearly 60 entries for "internal messages sent/reviewed" and six entries for "Matter admin." (Dkt. No. 22-4 at 2-15.) While these entries are generally billed at .1 hours, Mr. Lebel's entries alone total $5,207.50, with 5.2 hours at $625/hour and 2.9 hours at $675/hour. *Id*. These hours collectively account for over 20% of the time billed. *Id*. Neither counsel nor his paralegal provide any details about the internal communications or their

pertinence to the litigation. The "internal messages" entries date back to December 12, 2022, nearly seven months prior to the complaint filing. (Dkt. No. 22-4 at 2.) Not until April 19, 2023, do the entries include "draft pleading" or other services explicitly relevant to the lawsuit. (Dkt. No. 22-4 at 3.) Without further details, the Court cannot discern how these messages are attributable to the underlying action.

Counsel also frequently tacks on "internal messages/sent reviewed" entries to blocks of substantive legal work. For example, on July 11, 2023, counsel billed .2 hours for "8 internal messages sent/received" alongside 2.3 hours billed for settlement offer edits and various warranty complaint tasks. (Dkt. No. 22-4 at 6-7.) It is unclear if the internal messages relate to these tasks. Also, Plaintiff's counsel and his paralegal both bill for internal messages on the same day. Are counsel and his paralegal each billing for the same exchange of messages? Without detailed records, the Court cannot determine the substance of the entries, how they relate to the client services, or whether they pertain to the underlying action. For the reasons above, the Court makes a 50% deduction of counsel's $5,207.50 in excessive billing for internal messages and "matter admin."

---

Accordingly, the Court reduces Plaintiff's counsel's unreasonably high complaint drafting entries to five hours total, deducts the unexplained time spent on the auto warranty complaint, deducts $845 for Ms. Sorto's ineligible clerical work, and cuts 50% of Mr. Lebel's excessive, vague internal message billings.

**B.     Costs**

The Song-Beverly Act authorizes the court to award to the prevailing party all costs and expenses "reasonably incurred by the buyer in connection with the commencement and prosecution of this action." *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 137-38 (1995); *see also* Cal. Civ. Code § 1794(d). Plaintiff seeks $554.60 in filing fees which Plaintiff alleges he "reasonably and necessarily incurred" prior to filing this motion. (Dkt. No. 24 at 11.) Plaintiff's requested costs include (1) court filing fee ($454.90); (2) process serving ($40.00); (3) "Civil Cover Case Sheet" filings ($19.90); (4) two Proofs of Personal Service ($39.80). (Dkt. No.

22-4 at 14-15.) These costs reflect charges reasonably incurred in commencing and prosecuting the underlying state court action. *See Wu v. BMW of N. Am., LLC*, No. 21-CV-03485-DMR, 2022 WL 2802979, at *6 (N.D. Cal. July 18, 2022) (finding reasonable and awarding $725.80 in filing and service-related expenses); *see also Sahdev v. Hyundai Motor Am.*, No. 5:22-CV-01968-EJD, 2023 WL 8634796, at *5 (N.D. Cal. Dec. 13, 2023) ("Courts in this district have awarded costs in attorneys' fees motion, notwithstanding this district's local rules regarding bills of costs." *See, e.g.*, *Ricksecker v. Ford Motor Co.*, No. 21-CV-04681-HSG (SK), 2023 WL 1542199, at *5 (N.D. Cal. Feb. 3, 2023) (awarding $1,316 in costs); *Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2021 WL 3514095, at *6 (N.D. Cal. Aug. 10, 2021) (awarding $3,420.27 in costs)). Accordingly, the Court awards $554.60 in litigation costs and expenses.

### C. Attorney's Fees for Time Spent Litigating the Current Motion

"[A]bsent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim." *Ketchum*, 24 Cal. 4th at 1141. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.

Plaintiff asks the Court to award $12,500 for "time spent litigating the current motion." (Dkt. No. 24 at 12.) But the record does not include any accounting of the hours spent litigating the fee claim; instead, counsel's declaration anticipates "another 10 hours of attorney time for an additional expense of $12,000," later increased to $12,500 in Plaintiff's reply, for "fully briefing the motion" and "presenting at the hearing." (Dkt. No. 22-3 ¶ 18; Dkt. No. 24 at 4-5.) However, Plaintiff provides no further breakdown of fees incurred in litigating the fee motion. The Court will not award fees based on unsupported attorney argument. *See Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1232 (9th Cir. 1997) (holding the "district court abused its discretion by not requiring the submission of more detailed billing records"). Without an evidentiary record of hours spent litigating this motion, the Court cannot properly assess the reasonableness of the requested fees, or the necessity of the time spent defending this claim. *See Hensley*, 461 U.S. at 433 ("[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.") The Court also vacated the hearing on this motion, so

11

counsel should not collect for nonevents.

Plaintiff's procedural delays also raise concerns about the accuracy of the estimated attorney's fees. On February 8, 2024, Plaintiff filed declarations and exhibits in support of fees, but no legal memorandum. (Dkt. No. 22.) Then on February 22, 2024, Plaintiff filed a Motion and Memorandum in support of fees with no mention of the previously ordered filing deadline, no discussions with Defendant about its response date, and no exhibits or declarations. (Dkt. No. 24.) The Court expressed confusion about what was happening with Plaintiff's motion and noted "[t]he Court expects Plaintiff will not seek fees for time spent addressing Plaintiff's filing errors." (Dkt. No. 25.) The Court presumes Plaintiff's counsel did not bill for that time, but absent detailed logs of attorney's fees, or at least a supporting declaration attesting to the hours actually spent, it is impossible to know the basis or reasonableness of his $12,500 request, or whether Plaintiff's counsel's delays increased his own billable hours.

For the above reasons, the Court declines to award Plaintiff fees for time spent litigating the present motion.

## CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part Plaintiff's motion for attorney's fees. The Court awards a total of $14,436.25 in fees and $554.60 in costs. The fee award includes combined totals for Mr. Lebel and Ms. Sorto. Mr. Lebel's award includes $8,640 in substantive billing time[4], $625 for one hour of complaint work, and $2,603.75, reflecting 50% of his time billed for internal communications and matter admin entries. To reach Ms. Sorto's total, the Court reduced Ms. Sorto's billed time by $845 for ineligible clerical work, $212.50 for work on the "Auto Fraud Warranty Complaint" and $1,670 for the underlying complaint work, before adding back $400 in court-awarded time for complaint tasks.

This Order disposes of Docket No. 22.

**IT IS SO ORDERED.**

---

[4] This number includes deductions for time spent on the Auto Fraud Warranty Complaint.

Dated: April 23, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge